IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE BECKER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JAMES THOMAS HURD,<br><br>　　　　　Defendant. | **8:23CV208**<br><br>**ORDER** |
| SUSANNE BECKER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>RANDALL COUNTY COURT,<br><br>　　　　　Defendant. | **8:23CV270**<br><br>**ORDER** |
| SUSANNE BECKER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>FIRST NATIONAL BANK OF OMAHA, JEAN RHODES, MARK SCHMIDT, and CINDY SCHMIDT,<br><br>　　　　　Defendants. | **8:23CV275**<br><br>**ORDER** |
| SUSANNE BECKER HURD,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LYNETTE STODDARD, AUDREY M. ELLIOT LONG, MARK R. SCHMIDT, and | **8:23CV278**<br><br>**ORDER** |

2

| | |
|---|---|
| CINDY SCHMIDT,<br><br>              Defendants. | |
| SUSANNE BECKER,<br><br>              Plaintiff,<br><br>vs.<br><br>JAMES REGEAN, Individual capacity, official capacity;<br><br>              Defendant. | **8:23CV279**<br><br>**ORDER** |
| SUSANN BECKER HURD,<br><br>              Plaintiff,<br><br>vs.<br><br>KADEE BAYLESS, and COURTNEY R. GLIEM,<br><br>              Defendants. | **8:23CV284**<br><br>**ORDER** |
| SUSANN BECKER HURD,<br><br>              Plaintiff,<br><br>vs.<br><br>AUDREY LONG, MARK SCHMIDT, CYTHIA SCHMIDT, SCOTTSBLUFF PUBLIC SCHOOL DISTRICT, and AULICK,<br><br>              Defendants. | **8:23CV285**<br><br>**ORDER** |

| | |
|---|---|
| SUSANN BECKER HURD,<br><br>        Plaintiff,<br><br>   vs.<br><br>KIRK FELLHOELTER, KRISTEN MICKEY, AUDREY MILLER, KADEE BAYLESS, MICHAEL MODEC, SCOTTSBLUFF COUNTY COURT, and SCOTTSBLUFF PUBLIC SCHOOL DISTRICT,<br><br>        Defendants. | **8:23CV286**<br><br>**ORDER** |
| SUSANNE BECKER HURD,<br><br>        Plaintiff,<br><br>   vs.<br><br>STATE OF NEBRASKA, CITY OF SCOTTSBLUFF, and SCOTTSBLUFF COUNTY COURT,<br><br>        Defendants. | **8:23CV288**<br><br>**ORDER** |
| SUSANN BECKER,<br><br>        Plaintiff,<br><br>   vs.<br><br>SCOTTSBLUFF COUNTY SHERIFF,<br><br>        Defendant. | **8:23CV293**<br><br>**ORDER** |
| SUSANNE BECKER,<br><br>        Plaintiff,<br><br>   vs. | **8:23CV294**<br><br>**ORDER** |

3

| | |
|---|---|
| SCOTTS BLUFF COUNTY, SCOTTSBLUFF CITY, GERING CITY, and STATE OF NEBRASKA,<br><br>           Defendants. | |
| SUSANN BECKER HURD,<br><br>           Plaintiff,<br><br>vs.<br><br>AUDERY ELLIOT LONG,<br><br>           Defendant. | **8:23CV295**<br><br>**ORDER** |
| SUSANNE BECKER HURD,<br><br>           Plaintiff,<br><br>vs.<br><br>COUNTY OF SCOTTSBLUFF, and CITY OF GERING,<br><br>           Defendants. | **8:23CV302**<br><br>**ORDER** |

The above-captioned cases are before the Court on e-mails sent by Plaintiff Susanne Becker, also known as Susanne Becker Hurd,[1] to the Clerk of the Court, which were filed at the direction of the Court as motions in each of Plaintiff's 13 pending pro se cases. On July 20, 2023, Plaintiff emailed the Clerk's office stating that her PACER account was deactivated on February 15, 2022, and asking that her PACER account be reinstated for e-filing. On July 21, 2023, at the Court's direction, the Clerk's office responded to Plaintiff, stating her electronic filing privileges could not be reinstated

---

[1] Plaintiff also identifies herself as "Susann" Becker or "Susann" Becker Hurd in Case Nos. 8:23CV284, 8:23CV285, 8:23CV286, 8:23CV293, and 8:23CV295.

4

because, "[p]ursuant to case 8:21CV75 Hurd v. Harwood, et al., filing 152, your electronic filing privileges were terminated." *E.g.*, Filing No. 8, Case No. 8:23CV208. Thereafter, Plaintiff replied to the Clerk's office objecting to the denial of her request, and the Court directed the Clerk's office to file Plaintiff's emails as a motion in her open cases.

On March 16, 2022, the Court, in an order entered by Chief Judge Robert F. Rossiter, Jr., dismissed a previous case filed by Plaintiff, *Hurd v. Harwood, et al.*, 8:21-cv-00075-RFR-SMB (D. Neb. Mar. 16, 2022) (Filing No. 152). In doing so, the Court addressed eleven more filings submitted by Plaintiff after her motion for voluntary dismissal none of which had "anything to do with the initial matter presented before the Court in this pro se action." *Id.* at 1. The Court further noted "this string of recent filings is just another example of how Becker has severely abused the privilege of using the Court's electronic case filing system ("CM/ECF")." *Id.* Because "CM/ECF access is not routinely granted to pro se parties," the Court concluded that Plaintiff's "failure to comply with CM/ECF procedures justifies terminating that privilege, especially given her recent multiple daily filings of nonsensical and unrelated 'pleadings.'" *Id.* (citing NEGenR 1.3). The Court then directed the Clerk of Court to terminate Plaintiff's electronic filing access to this Court's CM/ECF system in all her then-existing cases and required Plaintiff to file any new cases in this Court either "in-person at the Clerk's Office in Omaha or Lincoln, or by mail to the Omaha Clerk's Office." *Id.* at 2.

Pursuant to the order in Case No. 8:21CV75, Plaintiff did file each of her 13 new cases by mail, but now seeks to continue in the cases with electronic filing privileges. Because the order in Case No. 8:21CV75 does not clearly bar Plaintiff's electronic filing

5

access once her new case is on file, the Court will grant her request to reinstate her PACER account to the extent that Plaintiff may request electronic filing access in any of her presently pending cases. If Plaintiff wishes to reinstate her PACER account using her existing account that the Court has on record, then she must e-mail the Clerk of Court at NEDdb_Clerk_Mail@ned.uscourts.gov and specifically identify for which cases she would like to have electronic filing access.

Plaintiff is warned, however, not to interpret the Court's limited reinstatement of her electronic filing access as a license to litter the Court's docket with multiple, nonsensical filings or generally use this Court and her cases as "message boards for [Plaintiff] to air a variety of real or imaginary grievances she claims to have suffered." Filing No. 152, Case No. 8:21CV75. Moreover, the Court will not tolerate Plaintiff's use of any abusive or demeaning language directed at the Clerk's Office or this Court, and her filings in this Court must comply with federal and local pleading rules. To that end, Plaintiff is advised that, at this early stage in each of her cases, she may only file documents as directed by the Court and shall not file any documents without leave of Court until *after* the Court has conducted an initial review of each of her complaints pursuant to 28 U.S.C. § 1915(e).[2] If Plaintiff abuses her electronic filing access by repeatedly filing irrelevant and/or frivolous filings, then the Court will strike her filings and/or terminate her access.

---

[2] As of the date of this Memorandum and Order, the only cases in which Plaintiff needs to file anything as directed by the Court is (1) Case No. 8:23CV285, in which Plaintiff needs to file a signed copy of her complaint, *see* Filing No. 4 & Filing No. 8, Case No. 8:23CV285 ((June 29, 2023 text order and July 25, 2023 Order directing Plaintiff to correct the signature deficiency), and (2) Case No. 8:23CV294, in which Plaintiff needs to file a signed copy of her motion to proceed in forma pauperis, *see* Filing No. 9 & Filing No. 10 (July 25, 2023 text order directing Plaintiff to correct signature deficiency).

IT IS THEREFORE ORDERED that:

1. Plaintiff's motions for reinstatement of her electronic filing access, Filing No. 8, Case No. 8:23CV208; Filing No. 6, Case No. 8:23CV270; Filing No. 6, Case No. 8:23CV275; Filing No. 6, Case No. 8:23CV278; Filing No. 7, Case No. 8:23CV279; Filing No. 6, Case No. 8:23CV284; Filing No. 6, Case No. 8:23CV285; Filing No. 6, Case No. 8:23CV286; Filing No. 6, Case No. 8:23CV288; Filing No. 6, Case No. 8:23CV293; Filing No. 5, Case No. 8:23CV294; Filing No. 7, Case No. 8:23CV295; Filing No. 5, Case No. 8:23CV302, are granted.

2. Plaintiff may reinstate her PACER account using her existing account that the Court has on record by e-mailing the Clerk of Court at NEDdb_Clerk_Mail@ned.uscourts.gov and specifically identifying the cases for which she would like to have electronic filing access.

3. The Clerk of Court is directed to mail a copy of this Order to Plaintiff at her address on file with the Court and transmit a copy of this Order to Plaintiff via e-mail in response to her recent e-mails to the Clerk's Office.

Dated this 25th day of July, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge